## WILSON & SONS OIL CO. et al. v. DOUGLAS et al.

No. 22169. Opinion Filed June 23, 1931.

Cheek & McRill, for petitioners.

Lester E. Smith and J. Berry King, Atty. Gen., for respondents.

KORNEGAY, J. This is an original proceeding to review an award of the Industrial Commission. The petitioners have filed a brief in the matter, and in that brief have quoted a good deal of the evidence. A counter brief has been filed by the claimant below.

In the brief of the petitioner, it is stated that the effects of the injury are not disputed. Neither is it disputed that the claimant received an injury, and the sole question is whether or not the claimant was in the employ of the Wilson & Sons Oil Company at the time the accident happened. It occurred on the derrick floor that it was controlling in its drilling operations. Its driller was handling an ax and engaged in cutting a piece of timber that was used to stay a flow line. The claimant was holding the timber, and the sole question here involved is whether or not there was sufficient evidence to warrant the finding of the Industrial Commission that at that time claimant was in the employ of Wilson & Sons Oil Company.

There seems to be some little feeling, as evidenced by the briefs in the matter, between the attorneys representing, on the one side, the claimant, and on the other side, the employer and the carrier. The short and ugly word that was described by a former President of the United States is rather prominent in the claimant's brief, and the supplemental brief of the petitioners is short, and disclaims any idea of misrepresentation, and states that Wilson & Sons Oil Company is concededly a corporation. Owing to these matters in the briefs. we have examined the entire testimony.

Evidently, before the Commission, the petitioners insisted that the claimant was not in their employ when hurt. The claimant testified that he was. The driller, who was apparently in charge of the work at the time the claimant was hurt. so testified, and testified to the effect that he had been authorized to hire him, and that owing to the fact that his assistant was sick, he had hired him quite a little bit before to help him about the work of handling the well, which at that time was being swabbed.

If the testimony of the driller is to be believed, he had this authority under the conditions that he was then working under. The drilling contractor was a corporation. and its president was living at Shreveport. La., and there was no special reason given why his deposition could not have been taken instead of using an ex parte affidavit made at Dallas, Tex., on the 11th day of December, 1930.

The first hearing to take testimony was held on the 29th of October, 1930, according to page 8 of the transcript, and the attorney for the claimant was there, and also an attorney for the respondent was there. The respondent had full notice at that time of what the claim of the injured workman would be.

In July, 1930, there had been filed an employee's claim by the claimant, and a continuation was had of the hearing of October 29th until the 17th of December, 1930, and a hearing was had at Wewoka, Okla., at that time. The affidavit of the president was offered at that time, and at first was rejected, and the petitioners introduced Earl Wilson at that time, who was connected with the corporation in the capacity of secretary. He was not allowed to state why his father would not appear for giving testimony, it being objected to rather strenuously. He claimed that he was the one to hire and fire the man on this job. At page 65 an effort was made to establish by him a conversation had with the claimant concerning the injury and the employment of the claimant at said time. A great many objections were made on res gestae and hearsay, and for a while it looked as though he never would be able to tell what took place between him and the claimant, the testimony being offered by the employer. However, all parties seem to have forgotten the rulings and objections, and he was permitted to testify practically to what the talk was.

A great many objections were made, and categorical answers were demanded. In addition to the claimant's testimony as to the employment, the driller testified about it, and also some bystander who happened to remember the day of the accident, and who saw the claimant working at the rig, and heard the talk between the driller and the claimant. There was testimony as to what the manager of the corporation said, and, on the whole, the Commission scarcely could have found anything else except that the claimant was in the employ of the company.

The company seems to have sold out right afterwards and left Oklahoma, but is still in business elsewhere. We think, under the conditions, that the award should be sustained. It appears that a supersedeas bond was given by the petitioners, Wilson & Sons Oil Company and the Commercial Standard Insurance Company, with the American Surety Company of New York as surety, to supersede the award.

The award of the Commission is sus-

tained, and the Commission is directed to enforce it.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.